I concurred in the opinion written by Justice Adams in WesternUnion Telegraph Co. v. Crowder, 547 So.2d 876 (Ala. 1989), so I concur here. However, civility, if not the law, should compel a lawyer for a party who has been contacted by another lawyer representing an opposing party in litigation to notify that other lawyer before he or she takes steps to have the action concluded without its being decided on the merits.
More than 30 years ago, when I was practicing law and representing a plaintiff in a civil action, I moved for and obtained a default judgment against the defendant. An attorney contacted me and told me that he had orally contacted me earlier and advised me that he was representing the defendant in the litigation. I did not remember the discussion at all. Based on the attorney's affidavit, which I did not oppose, because I thought that it was unseemly to have a battle of affidavits about what was or was not said between attorneys, the default judgment was set aside. I did not seek appellate review of that decision; ultimately, my client prevailed on the merits. I was distressed that opposing counsel thought that I would seek a default judgment without first notifying him, had opposing counsel notified me that he was representing the defendant. I felt that my civility had been attacked. *Page 420